# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SANDRA ESTHER JUSINO, ADMINISTRATOR OF THE ESTATE OF YADRIEL RIVERA JUSINO, *Plaintiff,* | NO. |
| v. | CIVIL ACTION |
| LEBANON SCHOOL DISTRICT, DANIEL RAU, in his individual capacity, NICHOLAS BULLOCK, in his individual capacity, EMILY EMERICH, in her individual capacity, DOE COUNSELOR, in her individual capacity, and DOE SOCIAL WORKER, in her individual capacity and DOE(S) 1-10, *Defendants*. | JURY TRIAL DEMANDED |

## **COMPLAINT**

AND NOW, comes the Plaintiff SANDRA ESTHER JUSINO, ADMINISTRATOR OF THE ESTATE OF YADRIEL RIVERA JUSINO, through counsel, who files this Complaint against the Defendants, LEBANON SCHOOL DISTRICT, DANIEL RAU, NICHOLAS BULLOCK, EMILY EMERICH, DOE COUNSELOR, DOE SOCIAL WORKER, and DOE(S) 1-10, and on Plaintiff's knowledge and information and belief, Plaintiff avers as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 which gives United States District Courts jurisdiction over civil actions arising under the laws of the United States.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), since all parties reside in this District and the events giving rise to the claims occurred in this District.

## PARTIES

3. SANDRA ESTHER JUSINO ("Plaintiff" or "Jusino") is an adult resident of Pennsylvania.

4. Plaintiff brings this action as Administrator of the Estate of YADRIEL RIVERA JUSINO (the "Estate"), having been granted letters of administration by the Lebanon County Register of Wills on September 18, 2025.

5. Plaintiff brings this action under 42 Pa.C.S. § 8301 and § 8302 on behalf of the Estate and for the benefit of Decedent's wrongful death and survival beneficiary(ies).

6. Plaintiff brings a wrongful death claim under 42 Pa.C.S. § 8301, on behalf of Decedent's wrongful death beneficiary(ies).

7. Decedent, YADRIEL RIVERA JUSINO, did not bring an action for injuries during his lifetime. No other action for wrongful death has been

commenced. Plaintiff claims all allowable damages, including loss of services, support, companionship, comfort, and contribution for and during the expected remainder of Decedent's life.

8. Plaintiff also brings a survival claim under 42 Pa.C.S. § 8302. Plaintiff claims all allowable damages, including pain and suffering prior to death, and loss of past and future earnings, income, and earning capacity.

### Defendant(s)

9. At all relevant times, Defendant Lebanon School District ("District") was a public school district, located at 1000 South 8th Street, Lebanon, PA 17042.

10. At all relevant times, the District was a K-12 public school district that that operated multiple schools, including Lebanon Middle School, where Decedent was a student at the time of and/or immediately prior to his death.

11. At all relevant times, the District was a recipient of federal funds and/or assistance.

12. At all relevant times, DANIEL RAU, was an adult employee and/or agent of the District and acting within the scope and course of his employment. RAU was, at all times relevant, the assistant principal of the school Decedent attended.

13. At all relevant times, NICHOLAS BULLOCK, was an adult employee and/or agent of the District and acting within the scope and course of his

employment. BULLOCK was, at all times relevant, the principal of the school Decedent attended.

14. At all relevant times, EMILY EMERICH, was an adult employee and/or agent of the District and acting within the scope and course of her employment as a school counselor.

15. At all relevant times, DOE COUNSELOR, was an adult employee and/or agent of the District and acting within the scope and course of her employment as a school counselor.

16. At all relevant times, DOE SOCIAL WORKER, was an adult employee and/or agent of the District and acting within the scope and course of her employment as a school social worker.

17. At all relevant times, Defendant(s) Doe(s) 1-10, upon information and belief, were as yet unidentified agents of the District acting in the scope and course of employment.

## FACTS

18. This case stems from Yadriel taking his own life by suicide on June 3, 2024.

19. On that date, Yadriel died by hanging himself.

20. Yadriel's sister was the first to find him.

21. Yadriel was just 12 years old.

22. This is a civil rights action brought by the Estate of Yadriel Jusino ("Decedent" or "Yadriel"), a student at Lebanon School District, to hold the District and its officials accountable for failing to protect Decedent from discriminatory bullying that lead to Yadriel's suicide.

23. Yadriel was born on July 21, 2011, in Puerto Rico.

24. Yadriel was of Latino descent.

25. Yadriel's first language was Spanish.

26. Yadriel attended the District for several years, from 2020, until his death in 2024.

27. While at the District, Yadriel received special education services, which was known to Defendants.

28. Yadriel was diagnosed with dyslexia, which was known to Defendants.

29. In 2021, Yadriel was evaluated by the District related to his disabilities:

> ☒ The student has a disability AND is in need of specially designed instruction, and therefore IS ELIGIBLE for special education.
> 1. Disability Category
>    Primary disability category:   2128:Specific Learning Disability
>    Secondary disability category, if any:
>    Tertiary disability category, if any:
> 2. Recommendations for consideration by the IEP team to enable the student to participate as appropriate in the general education curriculum (including special considerations the IEP team must consider before developing the IEP, measurable annual goals, specially designed instruction, and supplementary aids and services):
>    Yadriel meets eligibility criteria for Specific Learning Disability based on his performance in the classroom and on the WIAT-4.

30. As a result, Yadriel received an IEP from the District.

31. Yadriel's Latino race was recognized by and known to the District:



32. While a student at the District, Yadriel was bullied by other District students.

33. The bullying involved discriminatory taunts and physical assaults.

34. The bullying directed at Yadriel was due in relevant part to his race (Latino) and his disabilities.

35. District students taunted Yadriel for being Latino.

36. District students taunted Yadriel for his dyslexia.

37. Yadriel's sister observed other District students bullying Yadriel.

38. Defendants became aware that students had physically attacked Yadriel and were bullying him.

39. Yadriel himself informed Defendants, specifically Emerich, that he was assaulted:

| 09/28/2022 | Emerich, Emily | Counselor Domain | Personal/Social | Counselor | Yadriel shared at 2:30pm yesterday (9/27) a student in a blue hoodie pushed him into the stall and punched him in the face. Yadriel does not know the students name. Ms. O'Byle will look at cameras |
|---|---|---|---|---|---|

40. The September 28, 2022, report by Yadriel was recorded in Yadriel's District records, and thus known to all Defendants.

41. Upon information and belief, the Defendants did not follow up on this report by Yadriel to Emerich.

42. In addition to Yadriel's own 2022 report, Yadriel's family reported to Defendants that Yadriel was bullied, and in relevant part, for being Latino and for his disability.

43. More specifically, Yadriel's sister observed discriminatory bullying and took Yadriel to Bullock's office, where Yadriel's sister reported the discriminatory bullying to Bullock directly during the 2023-2024 school year.

44. Bullock informed Yadriel and his sister that Bullock would take some action to help, including contacting Yadriel's parents, but he did not do so.

45. Bullock did not follow up on this report of discriminatory bullying or investigate.

46. During the 2023-2024 school year, Yadriel's stepfather also reported Yadriel was being bullied to District officials multiple times, with no follow up or investigation.

47. In 2023, Yadriel's stepfather notified an assistant principal (upon information and belief, Rau) that Yadriel was being bullied, with zero follow up or investigation.

48. In early 2024, Yadriel's stepfather notified Doe Social Worker, who in turn notified the assistant principal (upon information and belief, Rau), who told Yadriel's stepfather they would investigate.

49. Again, upon information and belief, there was no follow up or investigation.

50. Several weeks later, Yadriel's stepfather again notified the assistant principal (upon information and belief, Rau) of continued bullying.

51. Again, upon information and belief, there was no follow up or investigation.

52. Despite the 2022 record of Yadriel's report, and Yadriel's stepfather and sister's reports in 2023 and 2024, Bullock recorded the following in Yadriel's school records the day after Yadriel's suicide:

| Date | Name | | | Type | Note |
|---|---|---|---|---|---|
| 06/04/2024 | Bullock, Nicholas A | Confidential | | Parent Contact | I spoke with Yadriel's stepdad along with Mr. Coatsworth. His stepfather brought up questions related to peer concerns Yadriel had. I shared with him that unfortunately we had not received any concerns that I was aware of and Mr. Coatsworth and I had reviewed our system and we did not have any recorded incidents. |

53. Bullock's note on June 4, 2024, is untrue.

54. Yadriel's records clearly show at least one documented instance of bullying (see above) from 2022.

55. However, reports from Yadriel's sister and stepfather to the District are not recorded in Yadriel's records.

56. Defendants took no meaningful action in response to Yadriel and his family's entreaties for help at any time, despite actual knowledge of racially and disability motivated bullying.

57. As a result of the bullying, Yadriel took his own life.

58. At the relevant time, the District's policy regarding discriminatory bullying required "[a] school employee who suspects or is notified that a student may have been subject to conduct that constitutes a violation of this policy shall immediately report the incident to the building principal."

59. Upon information and belief, no Defendant who was informed of discriminatory bullying reported to the school principal.

60. At the relevant time, the District's policy regarding bullying stated: the "that verbal and written complaints of bullying shall be investigated promptly, and appropriate corrective or preventative action be taken when allegations are substantiated."

61. However, in Yadriel's case, the District's policies were not followed by Defendants, in that complaints about Yadriel's bullying were not 'investigated promptly,' and 'appropriate corrective or preventative action' was not taken.

62. At the relevant time, the District's policy stated:

Every report of alleged bullying that can be interpreted at the outset to fall within the provisions of policies addressing potential violations of laws against discrimination or harassment shall be handled as a joint, concurrent investigation into all allegations and coordinated with the full participation of the Compliance Officer and Title IX Coordinator. If, in the course of a bullying investigation, potential issues of discrimination or harassment are identified, the Title IX Coordinator shall be promptly notified, and the investigation shall be conducted jointly and concurrently to address the issues of alleged discrimination or harassment as well as the incidents of alleged bullying.

63. Likewise, in Yadriel's case, the District's policies were not followed in this regard, as the District did not treat the reports of Yadriel's bullying as potential violations of laws against discrimination or harassment, and did not initiate any investigation, and not with the 'full participation of the Compliance Officer and Title IX Coordinator.'

64. Upon information and belief, Defendants received other reports of bullying from other students and responded as District policy required; however, while the District responded to complaints made by others who were similarly situated, Defendants failed to respond to bullying reports regarding Decedent.

65. As the Sixth Circuit noted in 2017, "[o]ur newspapers and television networks consistently report instances when young people harm themselves . . . Such occurrences may not be common within an individual school, but because reports of these tragedies are consistent and well publicized, **all school districts should realize that self-harm is a reasonably foreseeable result of bullying, without requiring specific evidence of the victim's mental state. If a school is aware of a student being bullied but does nothing to prevent the bullying, it is reasonably foreseeable that the victim of the bullying might resort to self-harm, even suicide**. *Tumminello v. Father Ryan High Sch., Inc.*, 678 F. Appx. 281, 288 (6th Cir.) (cited by this Court in *Harden v. West Side Career & Tech. Ctr.*, 2024 U.S. Dist. LEXIS 136992 (M.D. Pa. August 2, 2024)) (emphasis added).

66. Due to the actions and/or omissions of Defendants, Decedent took his own life, and Plaintiff claims all allowable damages as a result.

## COUNT I
### Violation of Title VI of the Civil Rights Act

67. Plaintiff incorporates all preceding paragraphs by reference as though fully stated herein.

68. In the context of Title VI, a school district engages in intentional discrimination and is liable under Title VI when it is deliberately indifferent to known acts of student-on-student racial harassment.

69. Decedent was a student at the District, an educational institution receiving federal funds.

70. Decedent suffered racial harassment that was so severe, pervasive, and objectively offensive that it deprived him of equal access to the educational opportunities or benefits.

71. District officials with authority to address the alleged harassment and to institute corrective measures, had actual notice or knowledge of the alleged harassment.

72. The District acted with deliberate indifference to the alleged harassment, in that the District's response to the alleged harassment or the lack of any such response was clearly unreasonable in light of the known circumstances.

73. Due to the actions and/or omissions of Defendants, Decedent took his own life, and Plaintiff claims all allowable damages as a result.

## COUNT II
### Violation of the Equal Protection Clause of the Fourteenth Amendment
### 42 U.S.C. § 1983

74. Plaintiff incorporates all preceding paragraphs by reference as though fully stated herein.

75. As personal representative of the Estate, Plaintiff seeks damages for these injuries and losses on behalf of Yadriel's heir, Plaintiff.

76. As Yadriel's heir, Plaintiff also seeks damages for the injuries and losses she has suffered.

## COUNT III
### Failure to Train under 42 U.S.C § 1983

77. Plaintiff incorporates all preceding paragraphs by reference as though fully stated herein.

78. Student-on-student harassment based on race violates a student's rights under the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.

79. At all relevant times, Defendants had unconstitutional customs, policies, or practices of failing to properly or sufficiently train administrators, teachers, staff, students, and families concerning discrimination against students.

80. At all relevant times, Defendants had unconstitutional customs, policies, or practices of failing to properly or sufficiently train administrators, teachers, staff, students, and families concerning their policies on discriminatory bullying against students.

81. Defendants failed to provide training to their administrators, teachers, staff, students, and families, despite the patently obvious need for training on, among other things, discriminatory bullying of students.

82. Defendants' failure to train their administrators, teachers, staff, students, and families amounted to deliberate indifference to the rights of students.

83. Defendants' failure to train their administrators, teachers, staff, students, and families caused Decedent to suffer ongoing harassment in violation of his rights.

84. As a direct and proximate result of Defendants' deliberate indifference to and violation of Decedent's established rights, Decedent suffered injuries, damages, and losses as set forth herein.

85. Due to the actions and/or omissions of Defendants, Decedent took his own life, and Plaintiff claims all allowable damages as a result.

## COUNT IV
**Violation of the Americans with Disabilities Act ("ADA")**

86. The allegations throughout this Complaint are incorporated as if set forth fully herein.

71. At all relevant times, Decedent was a "qualified individual with a disability" within the meaning of the ADA.

72. Decedent was otherwise qualified to participate in a school program at Defendants.

73. As a result of Defendants' failure to provide Decedent with reasonable and necessary accommodations for his disabilities, Decedent was denied participation in and the benefits of the school program and his education.

74. Due to Defendants' actions and/or inactions, Decedent suffered damages.

87. Due to the actions and/or omissions of Defendants, Decedent took his own life, and Plaintiff claims all allowable damages as a result.

## COUNT V
### Violation of § 504 of the Rehabilitation Act

75. The allegations throughout this Complaint are incorporated as if set forth fully herein.

76. At all relevant times, Decedent was a "qualified individual with a disability" as enumerated above.

77. More specifically, Decedent was diagnosed with dyslexia which is a qualified disability.

78. Decedent was otherwise qualified to participate in a school program at Defendant School District.

79. As a result of Defendants' failure to provide Decedent with reasonable and necessary accommodations for his disabilities, Decedent was denied participation in and the benefits of the school program and his education.

80. Due to the actions and/or omissions of Defendants, Decedent took his own life, and Plaintiff claims all allowable damages as a result.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants for all allowable damages, jointly and severally, as well as attorney's fees and costs, and whatever other relief this Court so directs.

## JURY DEMAND

Plaintiff respectfully demands a trial by jury on all triable issues.

Dated: February 25, 2026

*/s/ Nathaniel L. Foote*
Nathaniel L. Foote, Esq. (PA #318998)
nate@vca.law
4503 North Front Street
Harrisburg, PA 17110
Ph: 717.525.9124 | Fax: 717.525.9143
*Attorneys for Plaintiff*