**IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SANDRA ESTHER JUSINO, ADMINISTRATOR OF THE ESTATE OF YADRIEL RIVERA JUSINO, | : : : : | |
| *Plaintiff,* | : : | NO.   1:26-cv-00471 |
| v. | : : | CIVIL ACTION |
| LEBANON SCHOOL DISTRICT, STACI O'BYLE, in his individual capacity, NICHOLAS BULLOCK, in his individual capacity, EMILY EMERICH, in her individual capacity, DOE COUNSELOR, in her individual capacity, and DOE SOCIAL WORKER, in her individual capacity and DOE(S) 1-10, | : : : : : : : : : | JURY TRIAL DEMANDED |
| *Defendants.* | : | |

**PLAINTIFF'S RESPONSE TO JUNE 3, 2026 RULE TO SHOW CAUSE
ORDER**

Plaintiff, by and through counsel, files this Response to the Court's June 3, 2026 Rule to Show Cause Order and in support thereof states as follows:

On May 12, 2026, undersigned counsel and counsel for Defendants convened for a Rule 26 conference.  During which, they conferred, as required by this Court's Order, Doc. 4, about Defendants' forthcoming Motion to Dismiss.  Counsel for Defendants inquired about Plaintiff's position on liability for individually named defendants since that would be the focus of Defendants' Motion to Dismiss.  Since

public school employees may not be protected from governmental immunity if their actions rise to the level of willful misconduct and/or deliberate indifference, undersigned counsel advised that this determination for the individual district employees was not ripe for disposition at this stage, as no discovery was exchanged.

As such, the next day, in addition to serving Plaintiff's initial disclosures, Plaintiff served an initial set of written discovery requests upon all Defendants in an initial effort to substantiate the allegations in Plaintiff's Complaint, Doc. 1. Of particular importance, Interrogatories Nos. 11-12 ask who at the District received bullying complaints, when the bullying complaints were received, and what each of the individually named District employee Defendants did with those bullying complaints, if anything, and when. However, Defendants' responses were not due until June 13 and Defendants filed their Motion to Dismiss on May 20. This meant that Plaintiff's response to the Motion to Dismiss was due before Defendants' discovery responses were due. Thus, Plaintiff could not substantively address Defendants' position on liability for individually named defendants prior to receipt of those initial discovery requests.

Further, during our Rule 26 conference, defense counsel advised that Principal Rau was not the principal who oversaw Yadriel's grade at the District. As such, after the May 12 meeting, undersigned counsel followed up in an email to defense counsel to ask for the name of the correct principal. Defense counsel subsequently

provided it and Plaintiff promptly filed an Amended Complaint identifying the correct principal that oversaw Yadriel's grade and describing how the actions of that principal, along with the other individually named District employee Defendants, rose to the level of willful misconduct and deliberate indifference, Doc. 11 ¶¶ 38-51.

Collectively, undersigned counsel made good faith efforts to comply with this Court's Order, Doc. 4, by: (1) meeting and conferring with defense counsel prior to the filing of Defendants' Motion to Dismiss, (2) following up with defense counsel prior to the filing of Plaintiff's Amended Complaint for the identity of the principal who oversaw Yadriel's grade at the District, (3) promptly serving Defendants with an initial set of written discovery requests in an initial effort to substantiate the allegations in Plaintiff's Complaint involving the individual district employee Defendants, and (4) amending the complaint to identify the correct individual district employee Defendants that Plaintiff alleges were personally liable for actions/inactions involving the bullying and discrimination of Yadriel while at the District.

Lastly, upon receipt of this Court's Rule to Show Cause Order, undersigned counsel spoke with defense counsel to discuss the Amended Complaint. While the parties still have a disagreement about whether public school employees have governmental immunity, it is Plaintiff's position that the facts as alleged in Plaintiff's Complaint and Amended Complaint satisfy the federal notice pleading

requirements and detail how the individually named District employee Defendants actions/inactions rose to the level of willful misconduct and deliberate indifference. In turn, this would eliminate their respective ability to assert immunity and ultimately addresses why Defendants' Motion to Dismiss should be denied.[1]

Respectfully Submitted,

**ANDREOZZI + FOOTE**

Dated: 6/16/2026

s/ Konstantinos Patsiopoulos
4503 North Front Street, Harrisburg, PA 17110
Ph: 717.525.9124 | Fax: 717.525.9143
teamb@vca.law
Attorney for Plaintiff

---

[1] Defendants filed a Motion to Dismiss in response to the Amended Complaint on June 11, 2026. Plaintiff's response is due by June 25. On June 12, 2026, undersigned counsel emailed defense counsel to ensure that Defendants' responses to Plaintiff's initial discovery requests were produced in advance of Plaintiff's June 25 deadline in order to Plaintiff to respond to Defendants' pending Motion to Dismiss. To date, Defendants' responses to Plaintiff's initial written discovery requests have not been produced.

## CERTIFICATE OF SERVICE

The below individual with the firm of Andreozzi + Foote, hereby certifies that I served a copy of the foregoing document(s) upon the individuals at the addresses and in the manner below.

> Christopher J. Conrad Esq.
> Daniel P. McGannon, Esq.
> MARSHALL DENNEHEY, P.C.
> 200 Corporate Center Drive
> Suite 300
> Camp Hill, PA 17011
> Email:cjconrad@mdwcg.com;
> dpmcgannon@mdwcg.com
> Counsel for Defendant
>
>      via ECF

Date: 6/16/2026                              */s/ Elizabeth Mead*
                                             Elizabeth Mead, Paralegal