# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SANDRA A. ESTHER JUSINO   :
ADMINISTRATOR OF THE ESTATE  :
OF YADRIEL RIVERA JUSINO,   :
             :
    Plaintiff,      :
             :
    v.        :
             :  NO. 26-cv-00471-JPW
LEBANON SCHOOL DISTRICT,  :
STACI O'BYLE, in her individual capacity, :  JURY TRIAL DEMANDED
NICHOLAS BULLOCK, in his individual :
EMILY EMERICH, in her individual  :
Capacity, and DOE SOCIAL WORKER, :
In her individual capacity, and DOE(S) 1-10 :
             :
Defendants.       :


## **<u>DEFENDANTS LEBANON SCHOOL DISTRICT, STACI O'BYLE, NICHOLAS BULLOCK, AND EMILY EMERICH'S BRIEF IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT PURSUANT TO  FED. R. CIV. P.12(b)(6)</u>**

# **TABLE OF CONTENTS**

Table of Authorities ................................................................................. iii

Procedural History and Statement of Alleged Facts...................................................1

Questions Presented ...................................................................................3

A.     Whether Plaintiff's Title VI race discrimination claim set forth in
Count I should be dismissed because it fails to state a claim upon which
relief can be granted?...............................................................................5

B.     Whether Plaintiff's Title VI race discrimination claim set forth in Count
I should be dismissed as to individual Defendants O'Byle, Bullock, and
Emerich because there is no individual liability under Title VI?...................... 9

C.     Whether Plaintiff's Count II 42 U.S.C. §1983 Section 1983 Equal
Protection Claim against the District fails as a matter of law because the
Complaint fails to allege facts connecting alleged bullying to decedent's
race?................................................................................................ 10

D.     Whether Plaintiff's Count III 42 U.S.C. Section 1983 Monell claim
must  be dismissed because it fails to state a claim upon which relief
can be granted? ....................................................................................13

E.     Whether Plaintiff's ADA and Rehabilitation Act disability
discrimination claims must be dismissed for failure to state a claim
upon which relief can be granted? ................................................................17

Legal Standard ........................................................................................4

Argument.................................................................................................5

Conclusion..............................................................................................20

## <u>TABLE OF AUTHORITIES</u>

<u>**Cases**</u>

<u>Andrew M. v. Delaware County Office of Mental Health and Mental Retardation</u>, 490 F.3d 337, 349-50 (3d Cir.2007)......................................................19

<u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009)............................................................4, 5

<u>Beam v. W. Wayne Sch. Dist.</u>, 165 F. Supp. 3d 200 (M.D. Pa. 2016)....................17

<u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007).............................................4

<u>Blunt v. Lower Merion Sch. Dist.</u>, 767 F.3d 247 (3d Cir. 2014)..............................6

<u>Bostic v. Smyrna Sch. Dist.</u>, 418 F.3d 355, 361 (3rd Cir. 2005)..............................7

<u>Bridges v. Scranton Sch. Dist.</u>, 644 F. App'x 172 (3d Cir. 2016) ..........................13

<u>Cabrea-Diaz v. Penn Kidder Campus Jim Thorpe Sch. Dist.</u>, 2010 U.S. Dist. LEXIS 141684 *22 (M.D. Pa. 2010) ........................................................................9

<u>Canaan v. Carnegie Mellon Univ.</u>, 2024 WL 5145899, at *6 (W.D. Pa. Dec. 17, 2024)......................................................................................................................6

<u>Chambers ex rel. Chambers v. Sch. Dist. of Phila.</u>, 587 F.3d 176 (3d Cir.2009)..11, 19

<u>City of Cuyahoga Falls v. Buckeye Community Hope Found.</u>, 538 U.S. 188, 194-95 (2003) ........................................................................................................11

<u>Derrick F. v. Red Lion Area Sch. Dist.</u>, 586 F. Supp. 2d 282 (M.D. Pa. 2008)......19

<u>Doe v. Cumberland Valley Sch. Dist.</u>, 2026 U.S. Dist. LEXIS 264 *16 (M.D. Pa. 2026)....................................................................................................10

<u>Durham v. Kelley</u>, 82 F.4th 217, 225 (3d Cir. 2023)..............................................18

<u>E.N. v. Susquehanna Twp. Sch. Dist.</u>, 2010 U.S. Dist. LEXIS 124193 (M.D. Pa. Nov. 23, 2010)......................................................................................13

Erie CPR v. PA Dep't of Transportation, 343 F. Supp. 3d 531, 548–49 (W.D. Pa. 2018)....................................................................................................................5

Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3rd Cir. 2009)................................5

Gebser v. Lago Vista Ind. Sch. Dist., 524 U.S. at 277 ............................................7

Haberle v. Troxell, 885 F.3d 170, 178 (3d Cir. 2018) ............................................18

Harden v. W. Side Career & Tech. Ctr., 2024 U.S. Dist. LEXIS 136992 (M.D. Pa. Aug. 2, 2024)................................................................................ 13, 15

Hill v. Borough of Kutztown, 455 F.3d 225, 239 (3rd Cir. 2008) ...........................12

Hollinghead v. City of York, 912 F. Supp. 2d 209, 217 (M.D. Pa. 2012)...............12

JH by & through Humphreys v. Dunmore Sch. Dist., 2025 WL 2300750, at *7 (M.D. Pa. Aug. 8, 2025)...................................................................................18

Kerr  v. Cnty. of Allegheny, 2026 U.S. App. LEXIS 11113 *8 (3rd Cir. 2026)......18

Koyunoglu v. Miller, 2017 U.S. Dist. LEXIS 201705 *8 (M.D. Pa. 2017) .............9

M.S. v. Susquehanna Twp. Sch. Dist., 43 F. Supp. 3d 412, 420 (M.D. Pa. 2014)................................................................................................ 15, 16

McTernan v. City of York, 564 F. 3d 636 (3rd Cir. 2009)........................................4

Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 693, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) ...............................................4, 13, 14, 15, 16

Moore v. Salanco Sch. Dist., 471 F. Supp. 3d 640, 662 (E.D. Pa. 2020)..................8

Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997) .....................8

Pryor v. Nat'l Collegiate Ath. Ass'n, 288 F.3d 548, 563 (3d. Cir. 2002)...................6

Rogers v. Pocono Mt. Sch. Dist., 2026 U.S. Dist. LEXIS 59861 (M.D. Pa. Mar. 23, 2026)..................................................................................................13

Sanford v. Stiles, 456 F.3d 298 (3rd Cir. 2006).....................................................17

Smith on behalf of A.S. v. St. Margaret Mary Sch., 2024 WL 4631827, at *3 (M.D. Pa. Oct. 30, 2024)........................................................................................ 6, 8

Thomas v. Cumberland Cty., 749 F.3d 217, 226 (3d Cir. 2014)....................... 16, 17

Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) ...................................11

Washington v. Davis, 426 U.S. 229, 239-248, 96 S. Ct. 2040, 48 L.Ed. 2d 597 (1976)........................................................................................................................11

Waters v. Amtrak, 456 F. Supp. 3d 666 (E.D. Pa. 2020)......................................... 19

Williams v. Jersey Shore Area Sch. Dist., 673 F. Supp. 3d 688, 701 (M.D. Pa. 2023)........................................................................................................................ 14

## Statutes & Rules

Fed. R. Civ. P. 12(b)(6) ............................................................................ 1, 2, 4, 10

42 U.S.C. § 1983 ................................................................................ 1, 4, 10, 13, 17

14th Amendment ....................................................................................................... 10

Defendants Lebanon School District   ("the District"), Staci O'Byle ("O'Byle"), Nicholas Bullock ("Bullock"), and Emily Emerich ("Emerich") by their attorneys, Marshall Dennehey, respectfully submit this Brief in support of their Motion to Dismiss Plaintiff's Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(6)[1].

## I.    PROCEDURAL HISTORY AND STATEMENT OF ALLEGED FACTS

Plaintiff filed the initial Complaint in this action on February 25, 2026. (Doc 1). A Waiver of the Service of Summons was executed on behalf of Moving Defendants and filed with the Court on March 19, 2026 (Doc 6). On May 18, 2026, Moving Defendants filed their Motion to Dismiss the Complaint. (Doc. 10). Plaintiff then filed an Amended Complaint on May 29, 2026. (Doc. 11).

The Amended Complaint sets forth five causes of action against Moving Defendants: Count I – a Title VI claim against all Defendants; Count II – a Fourteenth Amendment Equal Protection claim vis-à-vis 42 U.S.C. §1983 against all Defendants;  Count III –a Fourteenth Amendment Due Process claim vis-à-vis 42 U.S.C. §1983 against all Defendants; Count IV – Americans with Disabilities Act (ADA) claim against all Defendants; and Count V- a Section 504 Rehabilitation Act claim against all Defendants. The substantive counts remain the same as the Original

---

[1] In accordance with Local Rules of Civil Procedure Rule 7.5 and Federal Rules of Civil Procedure Rule 6(a)(4)(A), this brief is timely filed within 14 days of Defendants' Motion to Dismiss (Doc. 18).

1

Complaint (Doc. 1); however, Plaintiff substituted O'Byle for Daniel Rau as a named individual defendant. Otherwise, Plaintiff's Amended Complaint is nearly identical to her initial Complaint.

Moving Defendants incorporate by reference the well-pleaded factual allegations as stated in Plaintiff's Amended Complaint and acknowledge the Court will accept all well-pleaded facts as true for purposes of this Rule 12(b)(6) Motion. According to the Amended Complaint:

Sandra Esther Jusino ("Plaintiff") is the administrator of the Estate of Yardriel Rivera Jusino ("Decedent"). See Amended Complaint, ¶4. The District is a Pennsylvania public school district located at 1000 South 8th Street, Lebanon, PA. See Amended Complaint, ¶9. The District operates K-12 across multiple buildings, including the Lebanon Middle School (now Lebanon Junior High). See Amended Complaint, ¶10.

The Lebanon Middle School Principal is Nicholas Bullock and the 7th Grade Assistant Principal is Staci O'Byle. See Amended Complaint, ¶12-13. Emily Emerich is a school counselor at Lebanon Middle School. See Amended Complaint, ¶14. Prior to his death, Yadriel Jusino ("Decedent") was a 7th grade student at Lebanon Middle School during the 2023-2024 school year. See Amended Complaint, ¶26. On June 3, 2024, the Decedent died by suicide (at his home). See Amended Complaint, ¶18.

2

Decedent was of Latino descent and Spanish was his first language. See Amended Complaint, ¶24-25. In 2021, the Decedent was evaluated by the District for his disabilities and designated as " 2128: Specific Learning Disability. See Amended Complaint, ¶29. Accordingly, Decedent received an IEP from the District. See Amended Complaint, ¶30. Plaintiff alleges that Decedent was bullied by other District students including "taunts" and "physical assaults" due to his race and disability. See Amended Complaint, ¶32-36. On September 28, 2022, Decedent reported to Emerich that he had been pushed then punched by another student. See Amended Complaint, ¶39. The Decedent did not know the student and identified him only as wearing a hoodie. Id. In 2023-2024, Plaintiff claims that Decedent's stepfather contacted the District because Decedent was being bullied. See Amended Complaint, ¶46. Plaintiff claims that the District failed to investigate his complaints. See Amended Complaint, ¶51. After Decedent's passing, the stepfather contacted Principal Bullock who indicated that they District did not have any records of Decedent being bullied at school. See Amended Complaint, ¶52. Plaintiff claims that the alleged bullying lead to Decedent committing suicide and his actions were foreseeable. See Amended Complaint ¶57, 65.

## II.   QUESTIONS PRESENTED

A.   Whether Plaintiff's Title VI race discrimination against the District fails to state a claim upon which relief can be granted?

3

B.   Whether Plaintiff's Title VI race discrimination claim set forth in Count I should be dismissed as to individual Defendants O'Byle, Bullock, and Emerich because there is no individual liability under Title VI?

C.   Whether Plaintiff's Count II 42 U.S.C. §1983 Section 1983 Equal Protection Claim against the District fails as a matter of law because the Complaint fails to allege facts connecting alleged bullying to decedent's race?

D.   Whether Plaintiff's Count III 42 U.S.C. Section 1983 Monell claim must be dismissed because it fails to state a claim upon which relief can be granted?

E.   Whether Plaintiff's ADA and Rehabilitation Act disability discrimination claims must be dismissed for failure to state a claim upon which relief can be granted?

Suggested answer to all questions presented: *In the affirmative.*

## III. <u>LEGAL STANDARD</u>

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of a complaint. In deciding a motion to dismiss, the court must accept all well-pleaded factual allegations as true, "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." <u>McTernan v. City of York</u>, 564 F. 3d 636 (3rd Cir. 2009) (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007)). "A claim has

4

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

In reviewing a motion to dismiss for failure to state a claim for which relief may be granted, the Court must conduct a two-part analysis. Fowler v. UPMC  Shadyside, 578 F. 3d 203, 210 (3rd Cir. 2009). First, the Court is required to separate "the factual and legal elements of the claim," accepting as true all of the complaint's "well-pleaded facts" but disregarding any legal conclusions. Id. Third, the Court is required to ascertain "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. (quoting Ashcroft). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged 'but it has not show[n] that the pleader is entitled to relief.'" Ashcroft, 129 S. Ct. at 1950.

## IV. ARGUMENT

### A. Plaintiff's Title VI race discrimination claim against the District fails to state a claim upon which relief can be granted

Title VI of the Civil Rights Act of 1964 bars discrimination based upon race, color, or national origin, with respect to participation in, and benefits of, programs

5

receiving federal financial assistance. 42 U.S.C. § 2000d et seq. Title VI provides "a private cause of action for intentional discrimination only." Erie CPR v. PA Dep't of Transportation, 343 F. Supp. 3d 531, 548–49 (W.D. Pa. 2018), citing Pryor v. Nat'l Collegiate Ath. Ass'n, 288 F.3d 548, 563 (3d. Cir. 2002). Private individuals who bring suits under Title VI may not recover compensatory relief unless they show that the defendant engaged in intentional discrimination. 42 U.S.C.A. § 2000d et seq.; Blunt v. Lower Merion Sch. Dist., 767 F.3d 247 (3d Cir. 2014). "Intentional discrimination may be shown 'with evidence demonstrating either discriminatory animus or deliberate indifference.'" Smith on behalf of A.S. v. St. Margaret Mary Sch., 2024 WL 4631827, at *3 (M.D. Pa. Oct. 30, 2024)(cleaned up).

To state a viable claim under Title VI, a complaint must allege facts that would show: (1) the plaintiff belonged to a protected class; (2) he/she qualified for the benefit or program at issue; (3) he/she suffered an adverse action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination. Erie, 343 F. Supp. 3d at 549 (cleaned up). The Third Circuit has clarified that a defendant can be held liable under Title VI if the defendant knew of, and failed to correct, the intentional discrimination of a third party whose conduct was within the control of the defendant. Id.

A plaintiff may establish intentional discrimination through the deliberate indifference standard by showing that an educational institution had knowledge that

6

a federally protected right is substantially likely to be violated yet failed to act despite that knowledge. Canaan v. Carnegie Mellon Univ., 2024 WL 5145899, at *6 (W.D. Pa. Dec. 17, 2024). In this case, apart from bald assertions and conclusory claims, there are insufficient allegations to establish actual knowledge or deliberate indifference by the Defendants. "An educational institution has 'actual knowledge' [or 'actual notice'] if it knows the underlying facts, indicating sufficiently substantial danger to students, and was therefore aware of the danger." Bostic v. Smyrna Sch. Dist., 418 F.3d 355, 361 (3rd Cir. 2005) (citations omitted).  Further, the person with knowledge must be "an official of the school district who at a minimum has authority to institute corrective measures on the district's behalf . . ." Gebser v. Lago Vista Ind. Sch. Dist., 524 U.S. at 277. Actual notice cannot be based upon a mere possibility. Bostic, 418 F. 3d at 361. No such basis for actual knowledge or deliberate indifference to factual violations of John Doe 1 and John Doe 2's rights as CVSD students exists in this case.

Here, Plaintiff attempts to support the Title VI claim by alleging that Decedent was bullied by other District students including "taunts" and "physical threats." See Amended Complaint, ¶32-33. The Amended Complaint then alleges that the student bullying was due, in part, to Decedent's race (Latino) See Amended Complaint, ¶34. As to physical threats, the Amended Complaint refers to a report from September 2022 that Decedent was punched by an unnamed student in the school bathroom. See

7

Amended Complaint, ¶39. The allegation states that Decedent did not know the name of the student nor does his report have any reference to race. Id.

Apart from these and other wholly conclusory allegations, Plaintiff's Amended Complaint has not set forth any factual allegations from which to infer that the Defendants' actions or inactions, even if true, were ever motivated by intentional racial discrimination. Similarly, Plaintiff's assertions that Defendants knew or should have known of the alleged racial discrimination is itself a legal conclusion. Smith on behalf of A.S. v. St. Margaret Mary Sch., 2024 WL 4631827, at *3 (M.D. Pa. 2024) citing Moore v. Salanco Sch. Dist., 471 F. Supp. 3d 640, 662 (E.D. Pa. 2020) (Plaintiff's allegation regarding knowledge is a legal conclusion and not entitled to a presumption of truth."). This Court need not credit the Amended Complaint's bald assertions or legal conclusions when deciding a motion to dismiss. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

The Amended Complaint offers no facts to provide any inference, much less a reasonable inference, that the allegations contained therein are in any way related to Decedent's race. For example, Plaintiff does not cite to any alleged racial slurs or favorable treatment of non-Latino students from which the Court could reasonably glean that Decedent's alleged treatment at school was related to his race. Rather, the Amended Complaint connects Decedent's race to the alleged bullying by simply claiming it to be "because of Decedent's [race]." See Amended Complaint, ¶34-35.

8

Without more, these allegations do not create a plausible claim for Title VI liability against the Defendants.

### B. <u>Plaintiff's Title VI race discrimination claims against individual defendants fails as a matter of law because Title VI does not provide for individual liability</u>

Count I of the Amended Complaint alleges race discrimination in violation of Title VI of the Civil Rights Act of 1964 against the District <u>and</u> the individual defendants. Title VI provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 USCS § 2000d. By its terms, Title VI regulates discrimination by the federally funded program or activity (the funding recipient), <u>not</u> by individual employees in their personal capacities. 42 USCS § 2000d.

Accordingly, Third Circuit courts have held that individuals cannot be liable under Title VI because it forbids discrimination only by recipients of federal funding. <u>Koyunoglu v. Miller</u>, 2017 U.S. Dist. LEXIS 201705 *8 (M.D. Pa. 2017). The Third Circuit has reiterated the same rule in subsequent nonprecedential decisions, stating that "[i]ndividual liability may not be asserted under Title VI." <u>Cabrea-Diaz v. Penn Kidder Campus Jim Thorpe Sch. Dist</u>., 2010 U.S. Dist. LEXIS 141684 *22 (M.D.

9

Pa. 2010). Likewise, this Court has applied this principle and dismissed Title VI claims asserted against individual school officials on the ground that individual liability is not available under Title VI. Doe v. Cumberland Valley Sch. Dist., 2026 U.S. Dist. LEXIS 264 *16 (M.D. Pa. 2026).

Accordingly, Count I fails as a matter of law to the extent it seeks relief from individual school officials rather than the District itself. Because Title VI does not provide a cause of action against individuals, Count I should be dismissed under Rule 12(b)(6) as to all individual defendants with prejudice.

### C. **Plaintiff's Count II 42 U.S.C. §1983 Section 1983 Equal Protection Claim against the District fails as a matter of law because the Complaint fails to allege facts connecting alleged bullying to decedent's race**

Plaintiff alleges that Decedent was from Puerto Rico and of Latino decent. See Amended Complaint, ¶23-24. Plaintiff next claims that Decedent was bullied by other District students including "taunts" and "physical threats." See Amended Complaint, ¶32-33. The Amended Complaint then alleges that the student bullying was due, in part, to Decedents race (Latino) See Amended Complaint, ¶34. As to physical threats, the Amended Complaint refers to a report from September 2022 that Decedent was punched by an unnamed student in the school bathroom. See Amended Complaint, ¶39. The allegation states that Decedent did not know the name of the student. Id.

10

To successfully raise a 14th Amendment equal protection claim, a plaintiff must demonstrate the existence of purposeful discrimination; in other words, he must demonstrate that he was a member of a protected class, and that he received different treatment from that received by other similarly situated individuals who do not belong to his protected class. See, e.g., Chambers ex rel. Chambers v. Sch. Dist. of Phila., 587 F. 3d 176 (3rd Cir. 2009)(cleaned up).  The unequal or deleterious impact of a municipal entity's policy on a class of people is not enough, on its own, to show purposeful discrimination. Washington v. Davis, 426 U.S. 229, 248 (1976). Accepting all well-plead allegations as true, Plaintiff offers only a single substantive allegation that Decedent was punched by another student in 2022. The remainder of the allegations offer only vague, conclusory statements that the Decedent was "taunted" and "bullied" because of race.

Furthermore, even if the equal protection claim is based upon a "class of one" theory, the plaintiff still  must "allege that [Decedent] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). Essential to all equal protection claims is an allegation of intentional discrimination. Allegations of negligent discrimination or disparate impact are insufficient and do not state a claim for violation of the Fourteenth Amendment Equal Protection Clause. City of Cuyahoga Falls v. Buckeye Community Hope Found, 538 U.S. 188, 194-95

11

(2003)(cleaned up). To state a class of one claim, the plaintiff must allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment. Hill v. Borough of Kutztown, 455 F.3d 225, 239 (3rd Cir. 2008).

The Amended Complaint fails to plead sufficient factual matter to state a plausible Equal Protection claim based on race under the Fourteenth Amendment. The Amended fails to allege any facts showing that the Decedent was treated differently from similarly situated individuals and that such disparate treatment was motivated by purposeful racial discrimination. See First Amended Complaint, ¶32-35. Rather, Plaintiff makes conclusory assertions that "[Decedent] was bullied by other District students" and "District students bullied [Decedent] for being Latino." Id. The lone substantive incident identified—an alleged assault occurring two years prior to Decedent's passing—contains no allegation that the assailant acted with racial animus, uttered racial epithets, or was motivated in any way by the decedent's race. See Amended Complaint, ¶39.

In addition, the Amended Complaint does not identify any similarly situated students of a different race who were treated more favorably, or any pattern of race-based harassment, indifference, or disparate disciplinary enforcement by the Defendants. Absent such factual content, the Amended Complaint relies on speculation rather than well-pleaded facts to infer discriminatory intent, which is

12

insufficient as a matter of law to state a viable Equal Protection claim. See

Hollinghead v. City of York, 912 F. Supp. 2d 209, 217 (M.D. Pa. 2012)(a court "need

not credit a complaint's bald assertions or legal conclusions when deciding a motion

to dismiss..[a]dditionally a court need not "assume that a ... plaintiff can prove facts

that the ... plaintiff has not alleged.")(cleaned up). Accordingly, Plaintiff's Title VI

claim should be dismissed.

### D. **Plaintiff's Count III 42 U.S.C. Section 1983 Monell claim must be dismissed because it fails to state a claim upon which relief can be granted**

A school district is treated like a municipality for purposes of 42 U.S.C. §

1983, and it cannot be held liable solely for the acts of its employees under a

respondeat superior theory.  E.N. v. Susquehanna Twp. Sch. Dist., 2010 U.S. Dist.

LEXIS 124193 (M.D. Pa. Nov. 23, 2010) (cleaned up). Therefore, the claim is

analyzed under Monell and must be based on the District's own policy or custom. Id.

See also Rogers v. Pocono Mt. Sch. Dist., 2026 U.S. Dist. LEXIS 59861 (M.D. Pa.

Mar. 23, 2026). Where, as here, the asserted Monell theory is failure to train, the

plaintiff must satisfy stringent standards of culpability and causation to ensure the

District is not held liable merely because an employee (or others) allegedly caused

harm. Harden v. W. Side Career & Tech. Ctr., 2024 U.S. Dist. LEXIS 136992 (M.D.

Pa. Aug. 2, 2024)

13

Specifically, a plaintiff must demonstrate a constitutional violation and that the violation was caused by the district's policy or custom. Bridges v. Scranton Sch. Dist., 644 F. App'x 172 (3d Cir. 2016). Here, Plaintiff's narrative centers on student-on-student bullying culminating in suicide that occurred off school premises. See Amended Complaint. (Doc. 11). Monell liability does not attach to tragic outcomes like what occurred here unless the complaint plausibly alleges a constitutional deprivation attributable to the District under the governing constitutional standard. Id.

To the extent Plaintiff attempts to frame the underlying constitutional violation as deliberate indifference to discriminatory peer harassment under the Equal Protection Clause, the standard is demanding: the plaintiff must prove discriminatory harassment, actual knowledge by the relevant school official, and a response so clearly unreasonable that it supports an inference the official intended the harassment to occur. Williams v. Jersey Shore Area Sch. Dist., 673 F. Supp. 3d 688, 701 (M.D. Pa. 2023). However, a District's "actions or inaction" that allowed bullying to continue does not, without more, satisfy the requirement of a plausible constitutional violation under the deliberate-indifference framework that courts apply in this context. Id.

The Amended Complaint, again, offers only conclusory allegations in support of the Monell theory. Plaintiff alleges "[a]t the relevant time, the District's policy

14

regarding discriminatory bullying required, "[a] school employee who suspects or is notified that a student may have been subject to a conduct that constitutes a violation of this policy shall immediately report the incident to the building principal." See Amended Complaint, ¶58. Yet, Plaintiff offers no evidence of race-based discrimination whether by use of racial epitaphs or more favorable treatment of individuals outside Decedent's protected category. See Amended Complaint. Moreover, the Amended Complaint contends "upon information and belief, there was no follow up or investigation" regarding alleged reports of bullying by Decedent's stepfather. See Amended Complaint, ¶51. With no factual basis to support her claims of unequal treatment based on race, Plaintiff has not plausibly alleged an underlying constitutional violation. Accordingly, it follows that the Amended Complaint fails to plausibly allege a viable "failure to train" claim under a Monell theory of liability where, as here, Plaintiff cannot meet the burden of identifying an underlying constitutional violation.  See Harden, 2024 U.S. Dist. LEXIS 136992.

Even assuming Plaintiff could establish an underlying constitutional violation for her "failure to train" theory, Count III still fails because the Amended Complaint does not identify a specific training deficiency and plead a close causal link to the constitutional injury. M.S. v. Susquehanna Twp. Sch. Dist., 43 F. Supp. 3d 412, 420 (M.D. Pa. 2014)("[A] municipality may not incur Monell liability as a result of the

15

actions of its [agents] when its [agents] have inflicted no constitutional injury." A plaintiff must allege that 'through its deliberate conduct, the municipality was the 'moving force' behind the injury.'"). Further, more generalized allegations of "inaction" and attenuated causation to an out-of-school suicide do not satisfy Monell. Id.

In other words, a plaintiff must identify a failure to provide specific training that has a causal nexus with the injuries and must show that the absence of that specific training reflects deliberate indifference to whether the alleged constitutional deprivations occurred. Id. Similarly, in the failure-to-train context, the plaintiff must identify with particularity what supervisory officials failed to do and must demonstrate a close causal link between the alleged failure and the alleged injury. Further, the identified deficiency must be closely related to the ultimate injury and must have actually caused the constitutional violation. Thomas v. Cumberland Cty., 749 F.3d 217, 226 (3d Cir. 2014).

Plaintiff alleges only that the District's inaction led to continued bullying and ultimately to Decedent's suicide. Those allegations do not identify any particular training deficiency (e.g., what training was missing, for whom, and in what recurring situation), and they do not plead facts showing that the absence of that specific training actually caused a constitutional violation, as opposed to asserting that better training might have improved outcomes. M.S., 43 F. Supp. 3d at 420. This causation

16

requirement is especially important because, as courts recognize, in virtually every case a plaintiff can point to something a municipality could have done to prevent harm. Id.

However, Monell requires more--an identified deficiency closely related to, and actually causing, the constitutional injury. Thomas, 749 F.3d at 226. Finally, Plaintiff points to no binding Third Circuit authority that recognizes that a District is liable for the suicide of a student. *Contra* Beam v. W. Wayne Sch. Dist., 165 F. Supp. 3d 200 (M.D. Pa. 2016)(allegation that District's failure to communicate student's academic failures to the parents as required under the student's 504 plan was "too attenuated" to establish causation). See also Sanford v. Stiles, 456 F.3d 298 (3rd Cir. 2006)(Third Circuit rejected Plaintiff's claims that school district was responsible for student's suicide while emphasizing 42 USC §1983 requires evidence of "direct causal link" between policy or custom and the constitutional violation). Here, Plaintiff has failed to alleged sufficient facts that establish a viable "direct causal link" between the District's alleged policy or custom and Decedent's death.

### E. **Plaintiff's ADA and Rehabilitation Act disability discrimination claims must be dismissed for failure to state a claim upon which relief can be granted**

The Amended Complaint sets forth "failure to accommodate" claims under the ADA and §504 Rehabilitation Act in Counts IV and V, respectively. The Amended Complaint states that Decedent was diagnosed with a disability (dyslexia) and was

17

evaluated by the District. See Amended Complaint, ¶28-29. Thereafter, the District provided Decedent with an IEP. Outside of vague allegations of bullying because of Decedent's dyslexia, the Amended Complaint makes no reference to Decedent's disability. In Paragraphs 73 and 79, Plaintiff claims "[a]s a result of Defendants' failure to provided Decedent with reasonable and necessary accommodations for his disabilities, Decedent was denied participation in and the benefits of the school program and his education."

Here, Plaintiff's Amended Complaint alleges in conclusory fashion that Decedent was bullied and taunted because of his disability, but pleads no supporting factual circumstances (e.g. what was said, when, by whom, or facts tying alleged mistreatment to Decedent's disability). These allegations are precisely the type of "perfunctory" discrimination assertions that fail to state a claim because they provide no factual basis from which discriminatory causation can reasonably be inferred. Kerr v. Cnty. of Allegheny, 2026 U.S. App. LEXIS 11113 *8 (3rd Cir. 2026).

To make out a *prima facie* case of discrimination under Title II of the ADA, or under Section 504 of the Rehabilitation Act, a plaintiff must demonstrate that: "(1) they are qualified individuals; (2) with a disability; and (3) they were excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or were subjected to discrimination by any such entity; (4) by reason of their disability." JH by & through Humphreys v. Dunmore Sch. Dist., 2025 WL

18

2300750, at *7 (M.D. Pa. Aug. 8, 2025), citing Durham v. Kelley, 82 F.4th 217, 225 (3d Cir. 2023) (citing Haberle v. Troxell, 885 F.3d 170, 178 (3d Cir. 2018)); the same standard governs claims asserted pursuant to Section 504 of the Rehabilitation Act. See, Chambers ex rel. Chambers, 587 F.3d at 189 (citation omitted); see also, Waters v. Amtrak, 456 F. Supp. 3d 666 (E.D. Pa. 2020); Derrick F. v. Red Lion Area Sch. Dist., 586 F. Supp. 2d 282 (M.D. Pa. 2008).

Under the ADA and the Rehabilitation Act, a plaintiff cannot prevail simply by showing that she is disabled and was denied some service. Instead, "[t]he state must have failed to provide the service for the sole reason that the child is disabled." Derrick F., 586 F. Supp. 2d 282, citing Andrew M. v. Delaware County Office of Mental Health and Mental Retardation, 490 F.3d 337, 349-50 (3d Cir.2007). Plaintiff has failed to establish such a basis. A plain reading of the Amended Complaint on its face does not establish that Decedent was denied any service solely because of his alleged disability.

Here, the Amended Complaint does not allege that Decedent or Decedent's parents ever requested a reasonable accommodation related to Decedent's disability. To the contrary, Plaintiff admits that the District provided Decedent with an IEP, special education and related services throughout his time as student in the District. See Amended Complaint, ¶27-30. Any suggestion of the denial of requested accommodation is completely absent from the face of the Amended Complaint.

19

Because Plaintiff cannot establish that Decedent suffered unlawful discrimination, or that he was excluded from participation or denied the benefits of District programs because of his alleged disability, Counts IV and IV of the Amended Complaint fail as a matter of law, and must be dismissed with prejudice.

## V. **CONCLUSION**

For the foregoing reasons, Defendants Lebanon School District, Staci O'Byle, Nicholas Bullock, and Emily Emerich, respectfully request that the Court grant their Motion to Dismiss Plaintiff's Complaint with prejudice and without leave to amend.

Respectfully submitted,

MARSHALL DENNEHEY, P.C.

Dated:  June 25, 2026

By: */s/  Christopher J. Conrad*
Christopher J. Conrad, Esquire
PA Atty. I.D. No. 202348
Daniel P. McGannon, Esquire
PA Atty. I.D. No. 309357
200 Corporate Center Drive, Suite 300
Camp Hill, PA 17011
Ph: (717) 651-3531
Fax: (717) 651-3707
Email: cjconrad@mdwcg.com;
dpmcgannon@mdwcg.com
*Attorneys for Defendants*
*Lebanon School District, Nicholas Bullock,*
*Daniel Rau, and Emily Emerich*

20

## <u>WORD COUNT CERTIFICATION</u>

The undersigned counsel for Defendants hereby certifies, in accordance with Local Rule 7.8, and Order of this Honorable Court dated April 6, 2026, (Doc. 9) that Defendants' Brief in Support of their Motion to Dismiss is less than 5,000 words (exclusive of the Table of Contents, Table of Authorities, and Certifications), and in submitting this certification, counsel has relied upon the word count feature of the word processing system used to prepare the brief. The word count is 4677.

MARSHALL DENNEHEY, P.C.

Dated:   June 25, 2026

By: */s/  Christopher J. Conrad*
Christopher J. Conrad, Esquire
PA Atty. I.D. No. 202348
Daniel P. McGannon, Esquire
PA Atty. I.D. No. 309357
200 Corporate Center Drive, Suite 300
Camp Hill, PA 17011
Ph: (717) 651-3531
Fax: (717) 651-3707
Email: cjconrad@mdwcg.com;
dpmcgannon@mdwcg.com

21

*Attorneys for Defendants*
*Lebanon School District, Nicholas Bullock,*
*Staci O'Byle, and Emily Emerich*

22

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel hereby certifies that I served a true and accurate copy

of the foregoing document, on all counsel of record, via ECF, on the below date.

MARSHALL DENNEHEY, P.C.

Dated:  June 25, 2026

By: */s/  Christopher J. Conrad*
Christopher J. Conrad, Esquire
PA Atty. I.D. No. 202348
Daniel P. McGannon, Esquire
PA Atty. I.D. No. 309357
200 Corporate Center Drive, Suite 300
Camp Hill, PA 17011
Ph: (717) 651-3531
Fax: (717) 651-3707
Email: cjconrad@mdwcg.com;
dpmcgannon@mdwcg.com
*Attorneys for Defendants*
*Lebanon School District, Nicholas Bullock,*
*Staci O'Byle, and Emily Emerich*

23