**IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SANDRA ESTHER JUSINO, ADMINISTRATOR OF THE ESTATE OF YADRIEL RIVERA JUSINO, | : : : : | |
| *Plaintiff,* | : : | NO.   1:26-cv-00471 |
| v. | : : | CIVIL ACTION |
| LEBANON SCHOOL DISTRICT, STACI O'BYLE, in his individual capacity, NICHOLAS BULLOCK, in his individual capacity, EMILY EMERICH, in her individual capacity, DOE COUNSELOR, in her individual capacity, and DOE SOCIAL WORKER, in her individual capacity and DOE(S) 1-10, *Defendants.* | : : : : : : : : : : | JURY TRIAL DEMANDED |

**STATEMENT OF LEGAL AND FACTUAL JUSTIFICATION OF PLAINTIFF'S
MOTION TO SEAL**

Plaintiff, by and through counsel, files this Statement of Legal and Factual Justification of Plaintiff's Motion to Seal pursuant to the Court's July 20, 2026, Order and in support thereof states as follows:

## I.    INTRODUCTION

On February 25, 2026, Plaintiff Sandra Esther Jusino, Administrator of the Estate of Yadriel Rivera Jusino ("Plaintiff") filed an Amended Complaint against Defendants Lebanon School District, Staci O'Byle, Nicholas Bullock, Emily Emerich, Doe Counselor, Doe Social Worker, and Doe(s) 1-10 (collectively "Defendants"). Then, on June 11, 2026, Defendants filed its Second Motion to Dismiss, to which Plaintiff responded on June 25, 2026.

1

Along with her Response and Brief in Opposition, Plaintiff filed a Motion to Seal Exhibits A through C, which contain confidential educational records of the decedent, Yadriel Rivera Jusino ("Yadriel"). On July 21, 2026, this Court filed an Order directing Plaintiff to file a Statement of Legal and Factual Justification to support her Motion to Seal.

As discussed herein, Plaintiffs interest in keeping Yadriel's records private outweighs that of the public in their right of access.

## II.    ARGUMENT

The Third Circuit Court of Appeals has long held that a common law right of access for the public attaches "to judicial proceedings and records." *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 192 (3d Cir. 2001). In addition to the right to attend court proceedings, the right of access includes allowing the public to "inspect and copy public records and documents, including judicial records and documents." *Id*.

In order for particular document or record to apply to the common law right of access, the item must be a "judicial record." *Id*. "A 'judicial record' is a document that 'has been filed with the court . . . or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings." *Id*.

While there is a "presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therein" the right of access is not absolute. *Id*. (citing *Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986)). In order to overcome the presumption, the moving party must show: (1) that "the interest in secrecy outweighs the presumption" and (2) "that the material is the kind of information that courts will protect and that disclosure will work a clearly

2

defined and serious injury to the party seeking disclosure." *Id*. (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)). The moving party must use specificity in articulating the injury to be prevented as broad allegations without "specific examples or articulated reasoning are insufficient." *Id*. (quoting *In re Cendant*, 260 F.3d at 194).

The District Court must "articulate 'the compelling, countervailing interests to be protected'" and "make specific findings on the record concerning the effects of disclosure," and "provide[] an opportunity for interested third parties to be heard." *Id*. at 673 (quoting *In re Cendant*, 260 F.3d at 194). In order to so, the District Court "must conduct a document-by-document review" of the documents pending seal. *Id*. (quoting *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 167 (3d Cir. 1993)).

Here, Plaintiff concedes that Exhibits A, B, and C are judicial records because they are documents filed in support of its Opposition to Defendant's Motion to Dismiss. However, this fact does not automatically permit disclosure on the public docket.

Exhibit A contains Yadriel's attendance records from the 2022-2023 school year. Similarly, Exhibit B is Yadriel's attendance records from the 2023-2024 school year. Both Exhibit A and B contain information confidential under the Family Education Rights and Privacy Act ("FERPA"), § 20 U.S.C. 1232g, such as his PASecureID and the attendance records themselves, which can disclose information related circumstances affecting Yadriel's education and attendance. Public disclosure may create an inference the Plaintiff encouraged Yadriel's absenteeism or unlawfully permitted him to remain home, although that is not the purpose for which the attendance records were submitted. While FERPA does not expressly require the sealing of educational records, it supports public policy favoring the confidentiality of educational records. Indeed, this Court has recognized that records that implicate FERPA warrant protection. *See Valente v. Pa. State Univ.*,

3

No. 4:25-CV-00277, 2026 U.S. Dist. LEXIS 46094 (M.D. Pa. March 6, 2026) (holding there was a privacy interests in confidential [educational] investigation materials and that public disclosure could chill future participation in university investigations).

Furthermore, the public has a minimal interest in the attendance records. In *In re Avandia Mktg.,* the Third Circuit held that the factors from *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 783-92 (3d Cir. 1994), while not determinative, can help assist in assessing the public's interest. 924 F.3d at 676. The relevant factors include: "whether confidentiality was being sought over information important to public health and safety, whether the sharing of information among litigants would promote fairness and efficiency, whether the party benefitting from the order of confidentiality was a public entity or official, and whether the case involved issues important to the public." *Id*.

While Plaintiff admits that the public has an interest in understanding matters before the court, Yadriel's attendance records would aid little in their understanding. Moreover, while bullying resulting in suicide is an important issue to the public, attendance records are not. The parties' briefs adequately summarize the records and are more helpful in assisting the public in understanding the case and/or court's reasoning. Finally, the attendance records are not important to public health and safety nor is Plaintiff a public entity or official.

Exhibit C, which is Defendants' log entries during Yadriel's time in the Lebanon School District, also warrant seal. Importantly, Exhibit C contains information regarding Plaintiff's family life, such as potentially having to live in a shelter and motel, the family's address, and information regarding letters sent to the family for Yadriel's unlawful attendance. This would result in embarrassment and reputational harm without supporting the merits of the case, and would expose intimate familial matters to the public that have no legitimate purpose to the case. Plaintiff's brief

includes a screenshot of the relevant log entry which allows the public to have access only to what is necessary to further their understanding of the case.

Just as with Exhibit A and B, sealing the judicial record would provide no meaningful benefit to the public's understanding of the case. Again, the parties' briefs and motions sufficiently describe the substance of the Exhibits and issues presented to the Court. Public disclosure would unnecessarily expose intimate familial matters, which are in no way material. Accordingly, Plaintiff's interest in maintaining the confidentiality of the educational records in Exhibits A-C outweighs the public's right of access.

## III.    CONCLUSION

For the reasons discussed above, Plaintiff respectfully requests that this Court grant the Motion to Seal Exhibits A-C. In the alternative, Plaintiff respectfully requests leave to submit redacted copies of the Exhibits and their identifying information.

Respectfully Submitted,

**ANDREOZZI + FOOTE**

Dated: July 24, 2026

*/s/ Konstantinos Patsiopoulos*
Konstantinos Patsiopoulos, Esq.
4503 N. Front St., Harrisburg, PA 17110
Ph: 800.706.2764 | Fax: 717.525.9143
teamb@vca.law
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned attorney for Plaintiff hereby certifies that a true and correct copy of the foregoing document has been electronically filed and is available for viewing and downloading from the ECF system in accordance with the local Federal Rules of Civil Procedure and has been served electronically upon the following counsel of record on this day addressed as follows:

Dated: July 24, 2026

*/s/ Konstantinos Patsiopoulos*
Konstantinos Patsiopoulos, Esq.